## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET E. KERRICK, | : |
| Plantiff, | : |
| V. | : |
| | : |
| NORTH PENN COMPREHENSIVE | : NO.: |
| HEALTH SERVICES t/d/b/a | : |
| LAUREL HEALTH CENTER and | : |
| LAUREL HEALTH SYSTEM, INC., | : |
| | : |
| Defendant | : |

## **NOTICE OF REMOVAL**

AND NOW, comes Bruce D. Brandler, United States Attorney for

the Middle District of Pennsylvania, and J. Justin Blewitt, Jr.,

Assistant U.S. Attorney on behalf of Defendant, North Penn

Comprehensive Health Services, and hereby give notice of the removal

of the above-captioned matter from the Court of Common Pleas for

Tioga County, Pennsylvania, to this Court, pursuant to Title 28, United

Sates Code, Section 2679. The United States is removing this action on

the following grounds:

1. A civil action was filed against this Defendant in the Court of

Common Pleas of Tioga County, Pennsylvania, which was docketed at

Kerrick v. North Penn Comprehensive Health Services, et al, No. 128-CV-2016.  See complaint attached hereto as Exhibit A.

2.  The Defendant named in the action is North Penn Comprehensive Health Services t/d/b/a/ Laurel Health Center, and Laurel Health System, Inc.

3.  Pursuant to the provisions of the Federally Supported Health Centers Assistance Act (FSHCA) of 1992, 42 U.S.C. § 233(g)-(n), the United States Department of Health and Human Services has deemed North Penn Comprehensive Health Services, an employees of the United States for purposes of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, et seq. See Deeming Action attached hereto as Exhibit B.

4.  The FSHCA extends FTCA coverage to the grantees that have been deemed covered under Section 233(h) and certain of its officers, employees, and contractors.

5.  Section 28 U.S.C. § 2679(d)(2) provides that upon certification by the Attorney General that an employee of the United States was acting within the scope of his office or employment at the time of the

2

incident out of which the claim arose, any civil action commenced in state court shall be removed.

6.  The above-captioned action is one which may be removed without bond to this Court pursuant to subsection (d)(2) of Section 2679, Title 28, United States Code, for the reasons that (a) Plaintiff seeks a judgment for damages resulting from the allegedly negligent or wrongful act or omission of the North Penn Comprehensive Health Services; (b) it was acting within the scope of its employment as an employees of the United States when it was alleged to have provided medical care and treatment to Plaintiff; and (c) the remedy against the United States provided by Sections 1346(b) and 2672 of Title 28, United States Code, is therefore exclusive of any other civil action or proceeding against the North Penn Comprehensive Health Services, for money damages by reason of this lawsuit.

7.  The Attorney General has delegated certification authority to the United States Attorneys.  28 C.F.R. § 15.3.  In turn, the United States Attorney for the Middle District of Pennsylvania has delegated

certification authority to the Chief of the Civil Division, United States Attorney's Office.

8. Kate L. Mershimer, Chief, Civil Division, United States Attorney's Office, has certified that North Penn Comprehensive Health Services was acting within the scope of its employment when it allegedly provided medical care and treatment to Plaintiff. See Certification attached hereto as Exhibit C.

9. Notice of Filing this Notice of Removal has this day been caused to be filed with the Prothonotary of the Court of Common Pleas of Tioga County.

WHEREFORE, the United States respectfully gives notice that the above-captioned matter is hereby removed to the United States District Court for the Middle District of Pennsylvania.

4

Respectfully submitted,

BRUCE D. BRANDLER
UNITED STATES ATTORNEY

/s J. Justin Blewitt, Jr.
J. JUSTIN BLEWITT, JR.
Assistant U.S. Attorney
P.O. Box 309
Scranton, PA 18501
Phone 348-2800
Fax: 348-2830
justin.blewitt@usdoj.gov

5

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania, and is a person of such age and discretion as to be competent to serve papers.

That on December 4th, 2016, she served copies of the attached:

### NOTICE OF REMOVAL

by placing said copy in a postpaid envelope addressed to the persons hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelopes and contents in the United States Mail at Scranton, Pennsylvania.

Addresses:

William A. Hebe, Esquire
17 Central Avenue
Wellsboro, PA  16901


/s Teresa Finegan
Teresa Finegan
Legal Assistant

EXHIBIT A

| | |
|---|---|
| JANET E. KERRICK | : IN THE COURT OF COMMON PLEAS |
| Plaintiff | : |
| | : OF TIOGA COUNTY, PENNSYLVANIA |
| vs. | : |
| | : NO. 128 CV 2016 |
| NORTH PENN COMPREHENSIVE | : |
| HEALTH SERVICES t/d/b/a | : JURY TRIAL DEMANDED |
| LAUREL HEALTH CENTER, and | : |
| LAUREL HEALTH SYSTEM, INC. | : |
| Defendants | : |

## **NOTICE**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

NORTH PENN LEGAL SERVICES
329 Market Street
Williamsport, PA 17701
800-326-7436

or

TIOGA COUNTY COURT ADMINISTRATOR
118 Main Street
Wellsboro, PA 16901
570-724-9380

SPENCER, GLEASON
HEBE & RAGUE, P.C.
ATTORNEYS AT LAW
WELLSBORO, PA

JANET E. KERRICK              : IN THE COURT OF COMMON PLEAS
          Plaintiff           :

                                 : OF TIOGA COUNTY, PENNSYLVANIA

          vs.                  :

                                 : NO. 128 CV 2016

NORTH PENN COMPREHENSIVE    :
HEALTH SERVICES t/d/b/a        : JURY TRIAL DEMANDED
LAUREL HEALTH CENTER, and   :
LAUREL HEALTH SYSTEM, INC.   : PROFESSIONAL LIABILITY
          Defendants       :

## COMPLAINT

1.     Plaintiff, Janet E. Kerrick, is an adult resident of Tioga County, Pennsylvania, residing at 527 Hager Road, Roaring Branch 17765.

2.     Defendant, North Penn Comprehensive Health Services t/d/b/a Laurel Health Center, is a licensed professional healthcare provider with an office at 6 Riverside Plaza, Blossburg, Tioga County, Pennsylvania 16912. Plaintiff is asserting a professional liability claim against this Defendant.

3.     Defendant, Laurel Health System, Inc., is a licensed professional healthcare provider with an office at 22 Walnut Street, Wellsboro, Tioga County, Pennsylvania. Plaintiff is asserting a professional liability claim against this Defendant.

4.     At all times material to this cause of action, Plaintiff was a patient of the Defendants at the Defendants' 6 Riverside Plaza, Blossburg, Tioga County, Pennsylvania office.

SPENCER, GLEASON
HEBE & RAGUE, P.C.
ATTORNEYS-AT-LAW
WELLSBORO, PA

5.    At all times material to this cause of action, Defendants, acting through their agents, servants and/or employees, owed a professional duty to Plaintiff to provide medical care for her consistent with the standard of care required of similarly situated professional healthcare providers.

6.    From at least 2005 through January 2015, Plaintiff regularly sought healthcare treatment from Defendants at the above-referenced Blossburg, Pennsylvania, address.

7.    In the course of a routine physical examination which occurred in August 2010, Plaintiff underwent chest x-ray at Soldiers & Sailors Memorial Hospital in Wellsboro, Tioga County, Pennsylvania, the result of which showed, among other things,

> There is a 1 cm irregularly shaped density in the
> right lower chest laterally visible only on the PA
> view.  No comparison studies are available.  A
> pulmonary nodule cannot be excluded and CT
> should be considered for further evaluation.

The impression as noted by the radiologist was "Possible right-sided pulmonary nodule. CT is recommended."

8.    On August 18, 2010, Plaintiff underwent a CT of her thorax at Soldiers & Sailors Memorial Hospital, Wellsboro, Tioga County, Pennsylvania, which revealed:

> Evaluation the lung windows demonstrates a 9
> mm diameter noncalcified nodule within the
> right lower lobe (images 30-31 (sic).  This
> corresponds to the recent chest x-ray findings.

SPENCER, GLEASON,
HEBE & RAGUE, P.C.
ATTORNEYS AT LAW
WELLSBORO, PA

> There is an overall 4 mm diameter calcified
> nodule in the diaphragmatic pleura and a small
> (see 3 mm (sic) diameter noncalcified pleural-
> based nodule within the right lower lobe (image
> number 42).

The impression as noted by the radiologist was:

> 1) 9 mm diameter noncalcified nodule right
> lower lobe. This corresponds to recent chest x-
> ray. If there are risk factors for lung cancer, a
> PET scan or biopsy should be considered. If
> there are no lung cancer risk factors a 4 - 6-
> month follow-up CT scan of the thorax is
> recommended.
> 2) Small pleural-based noncalcified nodule right
> lower thorax.
> 3) Small calcified nodule along the
> diaphragmatic pleura of the right lower thorax.

9.      Plaintiff underwent a PET CT skull base to mid thigh on September

9, 2010. The report of that study states:

> Correlation is made with report of CT of the
> chest performed at Jersey Shore Hospital dated
> 8/18/201 which described a 9 mm noncalcified
> nodule in the right lower lobe and a 3 mm
> pleural-based noncalcified nodule in the right
> lower thorax.

10.     Despite the above findings, Defendants made no effort to follow up

with regard to the findings of Plaintiff's chest studies from 2010 until January 2015.

11. Plaintiff continued to be seen on a regular basis by healthcare providers at Defendants' Blossburg office for a myriad of medical issues from August 2010 through January 2015.

12. At the time of an office visit which occurred on January 5, 2015, the physician seeing Plaintiff ordered a chest x-ray.

13. Various x-ray and other radiographic tests were administered to Plaintiff in January of 2015. The x-ray exam of January 7, 2015 revealed, "There is a 3 cm diameter mass located within the right lower lobe which was not present on the previous study." The impression of the radiologist was:

> 1) New 3 cm right lower lobe lung mass worrisome for the lung carcinoma.
> 2) A CT scan of the thorax is recommended for further evaluation this finding.

14. On January 13, 2015, Plaintiff underwent CT of the thorax with comparison to the previous examination of 8/18/2010. The January 13, 2015 study revealed:

> There is a 2.5 cm diameter noncalcified nodule within the right lower lobe. The lesion has a spiculated border. Spiculations extend to the lateral pleural surfaces. There is a very small (3 mm diameter) satellite nodule anteriorly. There is a very small (2 mm) noncalcified nodule occurring near the minor fissure (image 29). There is a 1.7 cm diameter nodule along the medial pleural surface anteriorly within the right

SPENCER, GLEASON, HEBE & RAGUE, P.C.
ATTORNEYS AT LAW
WELLSBORO, PA

middle lobe.  This is best seen on images 40-43.
The left lung and pleural space is clear.  There is
normal size of the heart.

The radiologist's impression was:

1) 2.5 cm diameter noncalcified spiculated
nodule within the right lower lobe.  This nodule
has increased in size when compared to previous
study of 8/18/2010 and most likely represents a
lung carcinoma.

2) 1.7 cm diameter noncalcified pleural-based
nodule within the anterior medial aspect of the
right middle lobe which was not present the
previous study.  This finding may represent
metastatic nodule or secondary primary neo-
plasm.

3) No evidence of hilar or mediastinal masses or
lymphadenopathy.

4) 2 mm diameter noncalcified nodule occurring
within or near the minor fissure (image 29).

15.    Plaintiff underwent NM PET CT skull base to mid thigh examination

on January 28, 2015, which confirmed the previous x-ray and CT studies.  The radiologist

reviewing the January 28, 2015 studies reached the following impression:

1) Interval increase in size and intensity of right
lung nodule is suggestive of malignancy.
Further evaluation by biopsy is recommended.

2) New hypermetabolic right lung parenchymal
nodule is also worrisome for malignancy.

3) Intrathoracic lymph node with increased FDG
activity is suggestive of nodal metastases.

4) There is new cutaneous uptake at the left
flank.  Correlation with trauma, focal inflamma-
tion and other clinical findings is recommended.

16.     Plaintiff was referred to Susquehanna Health in Williamsport, Lycoming County, Pennsylvania, for further treatment, and specifically has been seen by oncologist Charles Agbemabiese, M.D., and surgeon, Mark A. Osevala, D.O.

17.     Dr. Osevala performed a right thoracotomy with excisional wedge biopsy of the right lower lung mass on February 17, 2015. That biopsy came back positive for malignancy, and at surgery a nodule was found in the right upper lobe which also went to biopsy and came back with identical malignancy as to the lower lobe lesion.

18.     Thereafter, Plaintiff underwent chemotherapy and radiation for treatment of lung cancer.

19.     Most recently, Plaintiff has been diagnosed with Stage 4 lung cancer and is extremely ill, her condition necessitating more chemotherapy and radiation.

20.     Plaintiff believes and, therefore, avers that the Defendants breached the required standard of care with regard to the healthcare provided to her as follows:

(a)     failing to order any follow-up tests, evaluation or examinations of the nodules discovered on x-ray in 2010;

(b)     failing to inform Plaintiff of the risks associated with the 2010 radiographic findings;

(c)     failing to employ competent and consistent healthcare providers so that Plaintiff's condition could be followed and appropriately monitored.

SPENCER, GLEASON
HEBE & RAGUE, P.C.
ATTORNEYS-AT-LAW
WELLSBORO, PA

21.     As a direct, proximate and substantial result of the above-described negligence, Plaintiff is now suffering from life-threatening lung cancer; has endured and will continue to endure great mental and emotional pain and suffering, all of which is severe and permanent; a loss of the pleasures of life; expenditures of funds for treatment, and mental and emotional distress which could have been avoided if appropriate follow-up care had been ordered and carried out by the Defendants following the August 2010 positive x-ray finding.

WHEREFORE, Plaintiff demands judgment against Defendants, individually and/or jointly and severally, in an amount in excess of $20,000 together with costs.

SPENCER, GLEASON, HEBE & RAGUE, P.C.

By: _____
   William A. Hebe, Attorney for Plaintiff
   17 Central Avenue
   Wellsboro, PA 16901
   570-724-1832
   I.D. #16601

SPENCER, GLEASON
HEBE & RAGUE, PC
ATTORNEYS-AT-LAW
WELLSBORO, PA

## **VERIFICATION**

I verify that the statements made in the foregoing Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Janet Kerrick

Janet E. Kerrick

Dated: 9-2-2016

EXHIBIT B

| | |
|---|---|
| **1. ISSUE DATE:** 6/4/2015 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000519-15-01 | |
| **2b. Supersedes: [ ]** | |
| **3. COVERAGE PERIOD:**<br>**FROM:** 1/1/2016 **THROUGH:** 12/31/2016 | DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>NORTH PENN COMPREHENSIVE HEALTH SERVICES, INC<br>22 WALNUT STREET<br>WELLSBORO, PA 16901-1526 | **HRSA**<br><br>**NOTICE OF DEEMING ACTION**<br><br>**FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act (FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:**<br>Kramer Steven | |
| **8a. GRANTEE ORGANIZATION:**<br>NORTH PENN COMPREHENSIVE HEALTH SERVICES, INC | |
| **8b. GRANT NUMBER:** H80CS00682 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Tonya Bowers, Deputy Associate Administrator for Primary Health Care on: 6/4/2015 6:16:49 PM*

EXHIBIT C

# C E R T I F I C A T I O N

I, Kate L. Mershimer, Chief, Civil Division, United States Attorney's Office for the Middle District of Pennsylvania, acting pursuant to the provisions of 28 U.S.C. § 2679(d)(2), and by virtue of the authority vested in the United States Attorney by the Appendix to 28 C.F.R. § 15.3, and his re-delegation of that authority to me, hereby certify that I have read the Complaint and related court papers in this action and other relevant material.  On the basis of the information now available with respect to the allegations therein, I find that Defendant, North Penn Comprehensive Health Services, was acting within the scope of its employment as an employee of the United States at all relevant times during which medical treatment was provided to Janet E. Kerrick.


Kate L. Mershimer
Assistant U.S. Attorney
Chief, Civil Division
228 Walnut Street, Suite 220
Harrisburg, Pennsylvania  17108


Dated:   12/2/2016